UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————————

ROBERT H.[1],

                          Plaintiff,

v.                                                            CASE # 20-cv-00890

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
———————————————————————————

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      MARY ELLEN GILL, ESQ.
  Counsel for Plaintiff                          KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                      JUNE LEE BYUN , ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II         KATHRYN S. POLLACK, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on August 28, 1959 and has at least a high school education. (Tr. 186, 246). Plaintiff alleged disability based on psoriatic arthritis and chronic venous hypertension with ulceration. (Tr. 245). His alleged onset date of disability was August 28, 2009 and his date last insured was December 31, 2020. (Tr. 209). At the hearing plaintiff amended his onset date of disability to his 55th birthday on August 28, 2014. (Tr. 35).

### B.      Procedural History

On May 17, 2016, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 186-87). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On April 11, 2019, plaintiff appeared before the ALJ, Martha Bower. (Tr. 32-56). On May 24, 2019, ALJ Bower issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-19). On May 15, 2020, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2020.

2. The claimant engaged in substantial gainful activity during the following period: August 2014 through December 2015 (20 CFR 404.1571 *et seq.*).

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: psoriatic arthritis and chronic venous insufficiency with chronic venous stasis dermatitis (20 CFR 404.1520(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except for up to occasional stooping, balancing, kneeling, crouching, crawling or climbing.

7. The claimant is capable of performing past relevant work as a self-employed redemption center owner/operator as actually performed. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

8. The claimant has not been under a disability, as defined in the Social Security Act, from August 28, 2014, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 7-19).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two general arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ's determination of substantial gainful activity during the relevant time period is not supported by substantial evidence and therefore the step four finding of the ability to perform past relevant work is also unsupported. Second, the ALJ did not include a limitation on walking in the RFC despite giving great weight to an opinion from Dr. Brauer. Plaintiff also alleges the ALJ failed to develop the record with new opinion evidence after a

deterioration of plaintiff's condition. (Dkt. No. 15 at 1 [Pl.'s Mem. of Law]). Plaintiff filed a reply restating previous arguments and relying on the previous memorandum. (Dkt. No. 17).

B.     **Defendant's Arguments**

Defendant responded to each of plaintiff's arguments. First, defendant asserts substantial evidence supports the ALJ's determination that plaintiff engaged in substantial gainful activity during a part of the relevant period and that plaintiff could perform his past relevant work. (Dkt. No. 16 at 6 [Def's Mem. of Law]). Second, defendant argues the ALJ properly evaluated the medical opinion evidence. (Dkt. No. 16 at 11).

III.     **RELEVANT LEGAL STANDARD**

A.     **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.   Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  Substantial Gainful Activity

Plaintiff argues that the ALJ's finding that he engaged in substantial gainful activity (SGA) from August 2014 through December 2015 was unsupported by substantial evidence and that the ALJ erred at step four in finding that plaintiff could perform his past work as an owner of a bottle and can redemption center. (Dkt. No. 15 at 9-12). Both parties agree that the regulations' specific guidelines for the evaluation of activities performed by self-employed individuals apply to the facts of this case, however, plaintiff disagrees with how the ALJ resolved conflicts in the record in applying those guidelines which is not grounds for remand.

The Commissioner applies three tests to determine whether a self-employed claimant has engaged in SGA:

(i)   Test One: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business….

(ii)   Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.

(iii)   Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. §404.1575(a)(2). If a claimant has not engaged in SGA under Test One, then the Commissioner will continue and consider whether he has engaged in SGA under Tests Two and Three. *Id.*

ALJ Bower properly applied the tests described in 20 C.F.R. § 404.1575(a)(2). (Tr. 13-14). Under Test 1 the ALJ considered that plaintiff was the sole owner of his business with management responsibilities and that plaintiff's earnings exceeded the SGA levels. (Tr. 13-14, see Tr. 188-89, 195-207, 212-14, 246). The ALJ also applied Step 2 because plaintiff had only engaged in SGA though December 2014 under Step 1. The ALJ found plaintiff had engaged in SGA after consideration of plaintiff's Work Activity Report and Work History Report. (Tr. 13-14, *see* Tr. 188-89, 195-207, 212-14, 246).

On his June 2016 Work Activity Report, plaintiff indicated that from January 2006 through April 2016, he was the sole owner of a bottle and can redemption center and was the only person with management responsibilities for the business. (Tr. 212-13). Plaintiff also indicated that he had reduced his hours to 18-20 hours per week since March 2011. (Tr. 214). This is consistent with the June 2016 Work History Report, where plaintiff indicated that he was self-employed as a redemption center owner and operator and worked four hours per day, six days per week from January 2006 and April 2016. (Tr. 266-67).

Plaintiff first argues the analysis was incorrect because the ALJ failed to consider that the certified earnings records reflected the net annual income of plaintiff's business without deductions for wages paid to plaintiff, his wife, or his two sons. (Dkt. No. 15 at 8, 11). This argument applies only to Test 1, and therefore the period from August 2014 through December 2014. *See* 20 C.F.R. § 404.1575(a)(2). Indeed, the regulations specify that countable income is the net revenue minus the value of any services performed by plaintiff's wife and sons. *See* 20 C.F.R.

7

§ 404.1575(c)(1). However, plaintiff's tax record (IRS Schedule C Form 1040 filed by plaintiff) from 2014 shows plaintiff had net profits of $34,790, after subtracting out $35,801 in wages. (Tr. 235). Although not relevant to this part of the test, the 2015 tax documents submitted by plaintiff also indicate over $40,000 in wages paid when calculating the net income. (Tr. 238). Plaintiff has stated the only employees were his wife and two sons, so plaintiff's argument fails as there is evidence of wages paid. Further, plaintiff has the burden at this step of the sequential evaluation, but plaintiff neglected to provide any documentation or record keeping books pertaining to employees' time or wages.

Notably, plaintiff's attorney was offered the opportunity to submit a brief on the issue of SGA after the hearing. (Tr. 55). In his brief counsel relied solely on plaintiff's testimony and did not address the plaintiff's 2016 statements on paperwork submitted as part of his application. (Tr. 309). Counsel also raised the issue of plaintiff not collecting a wage for himself or his wife in 2014, which as discussed above is inconsistent with the tax documents and regulations. Plaintiff's attorney contends the certified earnings reports and store revenue were not all attributable to plaintiff but were split between him and his wife. (Tr. 310). Again, this is inconsistent with tax records submitted by plaintiff to the IRS identifying the plaintiff as sole proprietor along with his social security number. (Tr. 235).

In line with the regulations, the ALJ discussed the value of plaintiff's services to the business by referencing plaintiff's own statements on the Work Activity Report and Work History Report. ALJ Bower reiterated plaintiff's statements that he was the only person in the business with management experience and that even after reducing his work hours, he worked at least 18-20 hours a week (to upwards of four hours per day, six days per week). (Tr. 13-14, *referring to* Tr. 212-14, 266-67). Plaintiff now argues that his testimony that his wife and sons ran the business

and he worked only two hours a day, should have been relied upon instead of the paperwork he filed initially. (Dkt. No. 15 at 11-12). However, in a footnote ALJ Bower rejected the testimony as nonpersuasive and inconsistent with the plaintiff's prior statements on the Work Activity Report and Work History Report. (Tr. 13, fn. 2, *referring to* Tr. 39, 43, 51, 266-67, 309-11). Remarkably, when plaintiff completed those reports, he declared under penalty of perjury that the statements were true and correct. (Tr. 216).  Because it is the function of the ALJ, not the reviewing courts, to resolve conflicts in evidence, the ALJ's resolution of the evidence concerning plaintiff's work activity and history is upheld.   *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."); *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence.").

Furthermore, any error at Step 2 is harmless as the ALJ continued through the sequential evaluation and found plaintiff could perform his past relevant work (owned and operated redemption center since 2006). (Tr. 14-18). *Bertram v. Colvin*, No. 5:14-cv-109-CR, 2015 WL 4545770, *9 (D. Vt. July 27, 2019). *See, e.g, Cantu v. Astrue*, No. CV-10-335-CI, 2012 WL 553141, at *4 (E.D. Wash., Feb. 21, 2012) (even if ALJ erred in finding plaintiff engaged in SGA at step one, error was harmless because alternative findings at subsequent steps were properly supported). Plaintiff argues the ALJ's step four finding was however improper because the Vocational Expert (VE) classified the past relevant work as a salvager. (Dkt. No. 15 at 11). Plaintiff does not argue that the job as he actually performed it could not be performed by someone with plaintiff's vocational profile and RFC, rather, that the ALJ found that plaintiff performed the job of "owner/operator" while the VE found that plaintiff performed the job of "salvager" and that the ALJ failed to explain this conflict. (Dkt. No. 15 at 11).

Again, plaintiff has the burden to show an inability to return to a specific previous job and the inability to perform his past relevant work generally. *Glessing v. Comm'r of Soc. Sec. Admin.*, 725 F. App'x 48, 49 (2d Cir. 2013) (citing *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003)). Plaintiff was specific about the requirements of the job he previously performed, testifying that he counted cans, bagged them for shipping out, performed supervisory duties, but that his wife handled payroll and hiring. (Tr. 51-53). As a result, the VE considered that plaintiff's past job could be ei*ther* that of salvager or small business operator but that as testified, the job was more similar to that of a salvager. (Tr. 52). The VE also considered plaintiff's testimony that he did not lift more than 25 pounds, that he performed supervisory duties, owned the business, that his job as actually performed was at the light level, and semi-skilled to skilled work. (Tr. 52-53). Regardless of the label used to classify the past work, the decision and testimony show that the VE properly identified the job as actually performed by the plaintiff and the ALJ referred to the job as specifically identified by the VE in her decision. (Tr. 18, 51-53).

### B.  Opinion Evidence

Plaintiff next alleges errors with the ALJ's consideration and development of opinion evidence. The ALJ accorded substantial weight to the opinion of consultative medical examiner Dr. Brauer who determined in July 2016 that the plaintiff had no limitation in his ability to sit or stand with only a mild to moderate limitation in his ability to walk for long distances at a time. (Tr. 17- 18). The ALJ also stated there were no other treating source opinions with any specific physical limitation on functioning. (*Id*.). Plaintiff argues the ALJ errored by not including additional limitations in the ability to walk in the RFC. (Dkt. No. 15 at 12). However, as discussed by the ALJ, Dr. Brauer's examination revealed a normal gait and stance, mild difficulty walking

on heels and toes, no assistance required changing for exam, and the ability to ambulate around the room. (Tr. 17-18, *referring to* Tr. 340-41).

Contrary to plaintiff's argument, an ALJ is not obligated to incorporate all limitations into an RFC finding and to require an RFC to mirror a medical opinion would conflict with an ALJ's duties. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). However, here the ALJ did limit plaintiff to a range of light work which is not inconsistent with mild-to-moderate limitations with prolonged walking. *See, e.g., Harrington v. Colvin*, No. 14-CV_6044P, 2015 WL 790756, at *13, 14 (W.D.N.Y. Feb. 25, 2015) (a medical opinion that a claimant was "moderately" limited in sitting, standing and walking was not inconsistent with the residual functional capacity that plaintiff could sit, stand, and walk for six hours a day); *Carroll v. Colvin*, 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014) (several courts have upheld ALJ's decisions that the claimant could perform sedentary or light work even where the claimant had moderate difficulty in prolonged sitting or standing); *Nelson v. Colvin*, 12-CV-1810, 2014 WL 1342964, at *12 (E.D.N.Y. March 31, 2014) (ALJ's finding that plaintiff could perform light work is supported by the doctor's opinion that the claimant had mild to moderate limitation for sitting, standing, and walking ) (citing *Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013).

Additionally, ALJ Bower clarified in the decision that the limitation to avoid prolonged walking of long distances was not posed to the VE but that the past relevant work had not involved walking long distances. (Tr. 18, fn. 7). Plaintiff counters that the past relevant work only required working two hours total per day, but as discussed fully above, the ALJ had properly determined

plaintiff performed work at SGA levels during at least part of the relevant period. (Tr. 13-14, *referring to* Tr. 212-14, 266-67 (Plaintiff reporting that he worked 18-20 hours a week to upwards of four hours per day, six days per week)).

Although arguing the opinion of Dr. Brauer should have been adopted in whole, plaintiff also argues the opinion is stale and the ALJ should have obtained a more recent opinion. (Dkt. No. 15 at 12). Dr. Brauer's opinion was based on examination in July 2016 and plaintiff argues his condition deteriorated necessitating a new opinion. (*Id.*). An opinion is not stale simply because it was several years old. *See Jones v. Colvin*, No. 13-CV-06443 MAT, 2014 WL 2560593, at *7 (W.D.N.Y. June 6, 2014). The ALJ considered treatment records both previous to and after the examination by Dr. Brauer, plaintiff's testimony, and his ability to work at SGA levels for at least part of the alleged period of disability. (Tr. 17). The ALJ acknowledged plaintiff's testimony of recent bilateral hand and foot pain with swelling but there had been similar complaints prior to Dr. Brauer's examination. In his June 2016 function report, completed one month prior to Dr. Brauer's examination, plaintiff stated that sometimes his fingers swelled. (Tr. 259). Accordingly, Dr. Brauer did not assess any limitations with plaintiff's hands and the ALJ permissibly did not include any such limitations in the RFC. (Tr. 16, 342).

**ACCORDINGLY, it is**

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is
>
> > **DENIED;** and it is further
>
> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 16) is
>
> > **GRANTED.**

Dated: September 16, 2021                    _J. Gregory Wehrman_
Rochester, New York                          HON. J. Gregory Wehrman
                                             United States Magistrate Judge